1 | CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

2

3 | JEFF MITCHELL (CABN (236225)
Chief, Criminal Division

4 | DAVID J. WARD (CABN 239504)
EVAN MATEER (CABN 326848)

5 | Assistant United States Attorneys

6 | 1301 Clay Street, Suite 340S
Oakland, California 94612

7 | Telephone: (510) 637-3680
Fax: (510) 637-3724

8 | david.ward@usdoj.gov
evan.mateer@usdoj.gov

9

| Attorneys for United States of America

10

11 | UNITED STATES DISTRICT COURT

12 | NORTHERN DISTRICT OF CALIFORNIA

| OAKLAND DIVISION

13

14 | UNITED STATES OF AMERICA,                )   No. 23-CR-00428 JST
                                            )
15 |         Plaintiff,                      )
                                            )   [~~PROPOSED~~] ORDER REGARDING
16 |     v.                                  )   RESTITUTION
                                            )
17 | JASBIR THANDI, SANDEEP SAHOTA,          )
JASPREET PADDA and GUNJAN               )
18 | AGGARWAL                                )
                                            )
19 |         Defendants                      )
                                            )
20 |                                         )

21

22 |                          **[~~PROPOSED~~] ORDER**

23 | Based upon the United States' *Motion for Order of Restitution*, and the parties' respective

arguments at the hearing on January 7, 2026, and for good cause shown, the Court hereby finds that:

24

25 |     1.  The four defendants in this case have all pled guilty to two counts of conspiracy to commit

        insurance fraud and admitted to participating in a scheme related to the collapse of two insurance

26

        companies, Global Hawk Risk Retention Group (Global Hawk) and Houston General Insurance

27

        Exchange (HGIE).

28

[~~PROPOSED~~] ORDER OF RESTITUTION                1
23-CR-00428 JST

2.  All four defendants have agreed in their Plea Agreements to pay full restitution for all losses caused by the schemes and offenses with which they were charged, in an amount set by the Court.

3.  Under the Crime Victims' Rights Act, 18 U.S.C. § 3771, victims are accorded specific rights, including "[t]he right to full and timely restitution as provided in law." 18 U.S.C. § 3771(a)(6). In a case where the court "finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in 18 U.S.C. § 3771(a), the Court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2).

4.  There are complicated issues in this case in determining an appropriate restitution order because, among other reasons: a) the case involves the collapse and liquidation of two separate insurance companies, each of which has thousands of policy holders and other creditors and claimants; b) the amount of restitution is substantial; and c) the determination of loss or liability claims eligible for restitution is underway but not complete, and d) the determination of these loss and liability claims, and the process of distributing restitution or other funds to the victims of the frauds are already being administered by two separate state insurance regulatory agencies.

5.  The government has proposed that restitution payments for the fraud affecting Global Hawk and HGIE be paid to the Clerk of U.S. Court and, through the Clerk, distributed to the Commissioner of the Vermont Department of Financial Regulation, in his role as Liquidator of Global Hawk (Vermont Liquidator), to pay Global Hawk claims, and to the Commissioner of the Texas Department of Insurance, in his role as Receiver for HGIE (Texas Receiver), to pay HGIE claims. Both regulatory agencies will then distribute restitution pursuant to state law and overseen by a state court in each state.

6.  The number of victims in this case makes it impracticable to accord the victims in this case all of the rights described in 18 U.S.C. § 3771(a), and therefore the Court can fashion a reasonable procedure to give effect to the Crime Victims' Rights Act that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2).

7. It would be unduly burdensome for the Government, the Probation Office, the Clerk of the Court, or the FBI to determine which entities and individuals are properly considered victims, the proper amount of restitution owed to each victim, and the appropriate payment schedule.  It would conserve resources and speed restitution to the victims if payments were made through an experienced and neutral third party familiar with the losses incurred and with procedures and regulations governing the equitable and efficient distribution of restitution.  The government has provided written notice of its proposed procedure to over 8,000 potential claimants, as well as the Vermont Department of Financial Regulation and the Texas Department of Insurance, providing information on how to file a claim, and how to file objections to this proposed restitution process with this Court.

8. The Vermont Department of Financial Regulation and the Texas Department of Insurance are state regulatory agencies which, when conducting liquidations/receiverships, are governed by state insurer insolvency laws and overseen by a state court.  As such, they and their appointed deputy liquidators/receivers are well-qualified and well-suited to equitably and efficiently determine and distribute restitution payments involving the collapse of Global Hawk and HGIE.

9. The  creditors in the Vermont and Texas liquidation processes whose unpaid claims are specifically approved by Vermont or Texas state courts, respectively, likely qualify as victims pursuant to 18 U.S.C. § 3663A(a)(2), as they hold valid claims against the entities for repayment of premiums, indemnity, or other debts, and as such are persons or entities "directly and proximately harmed" by the charged offenses in this case.

**IT IS THEREORE ORDERED** that all restitution payments in this case be directed by the Clerk of the U.S. District Cout in the Northern District of California to the Vermont Liquidator and the Texas Receiver for distribution to victims of Global Hawk and HGIE.

**IT IS FURTHER ORDERED** that:

1. All restitution payments in this case shall be made to the Clerk of U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102, or via the pay.gov online payment system.

2.   The Clerk of the Court shall timely remit all restitution payments made in this case to the Vermont Liquidator and the Texas Receiver.

3.   The Vermont Department of Financial Regulation and the Texas Department of Insurance shall distribute all such funds to claimants pursuant to the requirements of applicable state law.

4.   The allocation of distributions by the Clerk to the Vermont Liquidator and the Texas Receiver shall be set forth in a future order of this Court

5.   The Vermont Liquidator shall provide the government with an accounting for the total amount of restitution received to date and the total amount of restitution distributed upon the government or the Court's request, and the government shall file a status report with the Court no later than September 30, 2026. The government shall attach any relevant state court orders issued regarding restitution to its status reports.  The government shall file additional status reports as directed by the Court thereafter.

6.   The Texas Receiver shall likewise provide the government with an accounting for the total amount of restitution received to date and the total amount of restitution distributed upon the government or the Court's request, and the government shall file a status report with the Court no later than September 30, 2026. The government shall attach any relevant state court orders issued regarding restitution to its status reports.  The government shall file additional status reports as directed by the Court thereafter.

7.   If at any time, the Vermont Liquidator  or the Texas Receiver is no longer able to function in its role as a recipient and distributor of restitution in this case, it shall timely notify the government, and the government shall in turn notify the Court in writing.

8.   If, at any time, there are no further unpaid claimants from the Vermont Department of Financial Regulation and the Texas Department of Insurance liquidation/receivership processes, all further restitution obligations shall be extinguished.

//

//

//

[PROPOSED] ORDER OF RESTITUTION                    4
23-CR-00428 JST

9. Nothing in this order shall be interpreted to limit the ability of the United States Attorney's Office to pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and 3664(m).

**IT IS SO ORDERED**

DATED:  February 12, 2026

_____
HON. JON S. TIGAR
United States District Judge